IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICKI S. W.,[1]                          6:18-cv-02157-BR

       Plaintiff,                    OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


**BRENT WELLS**
Harder, Wells, Baron & Manning, P.C.
474 Willamette St.
Eugene, OR  97401
(541) 686-1969

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

    [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3717

            Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Vicki S. W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

    On January 13, 2015, Plaintiff protectively filed her

application for DIB and SSI benefits.  Tr. 13.[2]  Plaintiff
alleges a disability onset date of March 22, 2014.  Tr. 13, 194.
Plaintiff's application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on September 8, 2017.  Tr. 28-63.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On November 27, 2017, the ALJ issued an opinion in which
she found Plaintiff is not disabled and, therefore, is not
entitled to benefits.  Tr. 13-23.  Plaintiff requested review by
the Appeals Council.  On October 25, 2018, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 14, 2018, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on October 30, 1972.  Tr. 22, 194.

---

[2]  Citations to the official Transcript of Record (#11)
filed by the Commissioner on July 3, 2019, are referred to as
"Tr."

Plaintiff was 41 years old on her alleged disability onset date. Tr. 22. Plaintiff has a high-school education and completed one year of college. Tr. 22, 33. Plaintiff has past relevant work experience as a cashier/checker, office manager, nursery-school attendant, personnel scheduler, "tool crib attendant," "Marker 2," industrial-truck operator, accounting clerk, and return-to-factory clerk. Tr. 21.

Plaintiff alleges disability due to problems with her upper and lower back, anxiety, major depression, arthritis in back and neck, and migraines. Tr. 66.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 18-20.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence.  *McLeod v. Astrue*,

640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,*

276 F.3d 453, 459-60 (9th Cir. 2001)).

    The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.  42

U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as

adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)).  "It is more than a mere scintilla [of

evidence] but less than a preponderance."  *Id.* (citing

*Valentine*, 574 F.3d at 690).

    The ALJ is responsible for evaluating a claimant's

testimony, resolving conflicts in the medical evidence, and

resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591

(9th Cir. 2009).  The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's

decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv),

416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since March 22, 2014, Plaintiff's alleged disability onset date.  Tr. 13.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease, hypothyroidism, diabetes mellitus, hypertension, major depressive disorder,

post-traumatic stress disorder (PTSD), and panic disorder.
Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1. Tr. 16. The ALJ found Plaintiff has the RFC to
perform medium work with the following limitations: can only
lift and/or carry 50 pounds occasionally and 25 pounds
frequently; can only stand and/or walk for six hours with
regular breaks in an eight-hour work day; can only sit for six
hours with regular breaks in an eight-hour work day; cannot
climb ladders, ropes or scaffolds; must avoid exposure to
hazards such as machinery and work at unprotected heights; can
understand, remember, and carry out only short and simple
instructions; and can only make simple work-related judgments
and decisions. The ALJ also found Plaintiff is "unlimited" in
her ability to push and/or pull and can have frequent
interactive contact with the public. Tr. 17.

At Step Four the ALJ concluded Plaintiff is able to perform
her past relevant work as a "Marker 2." Tr. 21.

In the alternative, at Step Five the ALJ found Plaintiff
can perform other jobs that exist in the national economy such

as production assembler, electrical-accessories assembler, and cleaner/housekeeper.  Tr. 23.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 23.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony; (2) failed to provide legally sufficient reasons for rejecting the opinion of Frank G. Lahman, Ph.D., an examining psychologist; and (3) failed to provide legally sufficient reasons for discounting the lay-witness statement of Plaintiff's husband.  As a result of these errors, Plaintiff contends the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence in the record.

### I.   The ALJ reasonably discounted Plaintiff's subjective symptom testimony.

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

#### A.   Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether

the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for

each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.    Analysis**

On April 22, 2015, Plaintiff submitted an Adult Function Report. Tr. 231. Plaintiff noted she spends a lot of time resting and she requires frequent rest breaks when doing household chores, which are often done entirely by her husband or daughter. Tr. 232. Plaintiff reported her mental-health issues affect her ability to communicate with others. Tr. 236.

On September 8, 2017, Plaintiff testified at the administrative hearing. She testified her panic attacks and anxiety prevent her from being around people. Tr. 45-46. Plaintiff also testified her depression medications are not improving her symptoms, her depression keeps her from doing "everything," and she has to "push" herself to get out of bed. Tr. 46-47.

The ALJ noted the medical and other evidence "generally support" Plaintiff's statements regarding "the

alleged intensity, persistence, and limiting effects of [her]
symptoms" and that Plaintiff's "medically determinable
impairments could reasonably be expected to cause *some* of
[Plaintiff's] alleged symptoms."  Tr. 18 (emphasis in original).
The ALJ, however, concluded Plaintiff's statements "concerning
the intensity, persistence and limiting effects of these
symptoms are not entirely consistent with the medical evidence."
Tr. 18.  The ALJ noted Plaintiff's depression symptoms,
confusion, and agoraphobia improved with treatment.  Tr. 19-20.
For example, the ALJ noted in April 2014 when Plaintiff was
taking medications her treatment resulted in a normal mental-
status examination, but in July 2014 Plaintiff reported
worsening depression after stopping her medications.  Tr. 413,
423-25.  In August 2016 Plaintiff reported her depression was
improving, and she was "coming off" Prozac.  Tr. 20, 580.  In
January 2017 Plaintiff was again diagnosed with major depressive
disorder and generalized anxiety disorder, but she was having
regular sessions with a psychologist.  Tr. 622, 635-41.

        On this record the Court concludes the ALJ did not err
when she discounted Plaintiff's symptom testimony and found it
was not fully credible because the ALJ provided legally
sufficient reasons supported by substantial evidence in the

record for doing so.

## II. The ALJ did not err in her evaluation of Dr. Lahman's opinion.

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for discounting Dr. Lahman's opinion.

### A. Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by

"setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

## B. Analysis

On August 17, 2017, Dr. Lahman, an examining psychologist, performed a Psychodiagnostic Evaluation of Plaintiff. Tr. 517. He opined Plaintiff "does not appear to be capable of sustaining even very simple work-related tasks." Tr. 521. Dr. Lahman also opined Plaintiff has "marked limitations" in the categories of understanding, remembering, and carrying out simple instructions. Tr. 522.

The ALJ gave "little weight" to Dr. Lahman's[3] opinion on the grounds that it was "internally inconsistent" and "contradictory." Tr. 20. The ALJ noted Dr. Lahman found Plaintiff is not capable of simple and repetitive task, but, on the other hand, Dr. Lahman also concluded Plaintiff is capable of handling her own funds. Tr. 20, 521.

―――――――――――――

[3] The ALJ erroneously refers in her decision to Dr. Lahman by Plaintiff's name.

The ALJ also noted Dr. Lahman's opinion that Plaintiff could not perform simple work-related tasks conflicts with the opinions of Joshua Boyd, M.D., and Sandra Lundblad, M.D., agency consultants, that Plaintiff's mental-status examinations "show her to be able to sustain simple tasks."  Tr. 69, 74, 101.

Plaintiff asserts "handling funds" does not require sustaining a work-related task.  The Commissioner, however, points out courts in this district have affirmed that managing finances is associated with the sustained ability to do simple work tasks.  *See, e.g., Fritz v. Berryhill*, No. 3:16-cv-02238-HZ, 2017 WL 5500462, at *10 (D. Or. Nov. 16, 2017)(affirming a finding that the plaintiff could perform simple work based on a medical opinion that the plaintiff "could manage her own funds.").

On this record the Court concludes the ALJ properly discounted the opinion of Dr. Lahman and provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## III. The ALJ's failure to articulate specifically her consideration of lay-witness statements was harmless error.

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for rejecting the lay-witness statements of Richard W., Plaintiff's husband, regarding

Plaintiff's symptoms.

### A.   Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006).  Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

The ALJ is not required, however, "to discuss every witness's testimony on a[n] individualized, witness-by-witness basis.  Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

**B.    Analysis**

On April 22, 2015, Plaintiff's husband provided a
Third-Party Function Report and noted Plaintiff's depression and
anxiety make it hard for Plaintiff to communicate with others.
Tr. 239.  He also stated he and/or his daughter help Plaintiff
complete household chores, and Plaintiff needs reminding to take
medications.  Tr. 240-41.

The ALJ did not specifically discredit the testimony
of Plaintiff's husband.  In fact, the ALJ noted Richard W.'s
statements regarding the intensity, persistence, and limiting
effects of Plaintiff's symptoms were "generally supported" by
the record, but the ALJ pointed out that these statements "are
not entirely consistent with the medical evidence."  Tr. 18.
The ALJ concluded the statements of Richard W. regarding the
intensity, persistence and limiting effects of Plaintiff's
symptoms were not credible even though the ALJ did not
specifically articulate her reasons for doing so.  Tr. 18.

On this record the Court concludes the ALJ erred when
she failed to articulate her reasons for discounting Richard
W.'s statement.  To the extent that the ALJ erred, however, the
Court concludes the error was harmless because the ALJ provided
sufficient reasons for rejecting similar testimony from

Plaintiff. *See Molina v. Astrue*, 674 F.3d 1104, 1116-17 (9th Cir. 2012)(failure to address lay-witness testimony is harmless error if the ALJ provided sufficient reasons for rejecting similar testimony).

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 11th day of February, 2020.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge